UNITED STATES COURT OF INTERNATIONAL TRADE
-------------------------------------------------------------------------------X
BASF CORPORATION,                                  :

                             Plaintiff,       :

            Court No. 13-00109

        v.                                           :

UNITED STATES,                                     :

                          Defendant.       :
-------------------------------------------------------------------------------X

## COMPLAINT

Plaintiff BASF Corporation, by its attorneys Barnes, Richardson & Colburn, LLP., hereby alleges as follows:

### FIRST CAUSE OF ACTION

1.     The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1581(a).

2.     Plaintiff, BASF Corporation, is the importer of record of the subject merchandise and is the party-in-interest in this action.

3.     This action has been timely filed and all liquidated duties, taxes, and fees have been paid.

4.     The imported merchandise that is the subject of this complaint is known by the BASF trade name Betatene® 7.5% N (hereafter the "imported merchandise").

5.     The imported merchandise is beta-carotene carotenoid mixture derived from the alga *Dunaliella salina*, dissolved in soybean oil and then enrobed in a protective matrix of gelatin and sucrose, with ascorbyl palmitate and tocopherols as antioxidants, and with silicon dioxide as an anti-caking agent and flow aid.

6. Betatene® 7.5% N contains a minimum 75 mg beta-carotene per gram as a mixture of trans- and cis- beta-carotene isomers.

7. Beta-carotene is a form of provitamin A.

8. Beta-carotene is the only active ingredient in the imported merchandise.

9. Beta-carotene is the most expensive ingredient in the imported merchandise.

10. Beta-carotene imparts the essential character to the imported merchandise.

11. Beta-carotene is unstable and potentially pyrogenic.

12. Beta-carotene oxidizes quickly and breaks down when exposed to air.

13. The imported merchandise is a mixture of the beta-carotene as the active ingredient and the inert ingredients.

14. In the imported merchandise, the beta-carotene is stabilized by the inert ingredients.

15. The inert ingredients in the imported merchandise preserve the beta-carotene, thus preventing it from self-combusting, oxidizing, or otherwise degrading.

16. The beta-carotene in the imported merchandise is not chemically modified when formulated into the finished product.

17. The imported merchandise is used as a source of provitamin A in dietary or other food products.

18. Customs classified the imported merchandise under subheading 2106.90.9998, HTSUS, dutiable at the rate of 6.4% *ad valorem*, as "Food preparations not elsewhere specified or included: Other: Other: Other: Other: Other: Other: Other."

19. The imported merchandise is properly classifiable as "Provitamins, unmixed" under subheading 2936.90.01, free of duty.

Wherefore, the Plaintiff requests judgment sustaining its claim herein, ordering a reliquidation of the imported merchandise under HTSUS subheading 2936.90.01, and ordering a refund of all excess duties paid, with interest as provided by law, and for such further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      BARNES, RICHARDSON & COLBURN, LLP.
                                      Attorneys for Plaintiff
                                      100 William Street, Suite 305
                                      New York, New York 10038
                                      Tel: (212) 725-0200, ex. 126

                                      By:  s/_____
                                                Frederic D. Van Arnam, Jr.

Dated: October 25, 2021
        New York, New York